**UNITED STATES of America**

v.

**Claudia Marina GOMEZ–MARTINEZ, Appellant**

**No. 01–4522.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 26, 2002.

Filed Sept. 30, 2002.

Before BARRY, AMBRO, and GARTH, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

Following a jury trial, appellant Claudia Marina Gomez–Martinez was convicted of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). She was sentenced to 150 months of imprisonment and five years of supervised release and ordered to pay a special assessment of $200. Gomez–Martinez appeals her sentence. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and will affirm.

Gomez–Martinez argues that her sentence was imposed in violation of law because 1) the District Court failed to give a particularized statement of reasons for imposing a sentence at the top of the guideline range, as required by 18 U.S.C. § 3553(c)(1); and 2) the penalty enhancement provisions of the Controlled Substances Act, 21 U.S.C. §§ 841(b)(1)-(2), are facially unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Neither argument was raised before the District Court; therefore, plain error review applies.[1] Un-

---

1. Gomez–Martinez acknowledges that neither issue was preserved, but nonetheless asserts that we should exercise plenary review of her first contention. We disagree. *See* FED. R. CRIM. P. 52(b); *United States v. Vences*, 169 F.3d 611, 613 (9th Cir.1999). Moreover, it is

der plain error review, we may exercise our discretion to correct an error that is plain and that affects the "substantial rights" of the defendant. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

## I.

■ First, Gomez–Martinez contends that the District Court failed to give an adequate statement of reasons for sentencing her at the top of the guideline range. 18 U.S.C. § 3553(c)(1) provides:

The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—

(1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range.

18 U.S.C. § 3553(c)(1).

The District Court followed the statute's mandate. At the start of the sentencing hearing, the Court acknowledged that it had read the presentence report and parties' sentencing memoranda. The Court then adopted the presentence report's factual findings and determined that the drugs involved were cocaine and that the total quantity was 9.912 kilograms. Immediately thereafter, the Court described Gomez–Martinez's involvement in the drug conspiracy:

[T]he defendant was right in the middle of this drug transaction, she was asked to obtain the drugs and she helped arrange for them. I believe the amount that was discussed was actually in the neighborhood of ten kilograms, but she knew the type and amount involved and

she was present at most of the important stages of this drug deal.

App. at 31a. After permitting defense counsel, Gomez–Martinez, and the government to address the court, the District Court imposed a sentence at the top of the guideline range.[2] In so doing, the Court explained:

The sentence was imposed at this point in the guidelines because the Court believes that it is consistent with the nature of the offense and the defendant's history, characteristics, educational, vocational and corrective needs as well as the need for deterrence and protection of the public.

The Court has taken into account all of the evidence here at sentencing, the presentence report, the memorandums that have been filed. The Court has considered the arguments raised by the defense, the lack of prior contact which is correct and the fact that the defendant will be deported, which the Court also assumes is correct.

The Court does commend the defendant for the defendant's efforts in prison, taking part in prison programs, but the problem I have here is the quantity of drugs involved, which was a large quantity of drugs and the defendant's participation in that scheme involving those drugs and the danger to society and the need for protection of the public.

And that is why—after considering all these factors—and the combined effect of all of these factors, I've taken into account, that is why I have imposed sentence at the higher end of the guidelines.

---

relevant which standard of review applies because, as we will discuss, the District Court did not err.

**2.** The guideline range was 121 to 151 months of imprisonment.

App. at 35a–36a. These remarks as well as the District Court's preliminary findings satisfy § 3553(c)(1)'s mandate. *See United States v. Gricco,* 277 F.3d 339, 363 (3d Cir.2002) (holding that the sentencing court's preliminary comments satisfied § 3553(c)(1)'s requirements).

## II.

■ Second, Gomez–Martinez maintains that the penalty enhancement provisions in 21 U.S.C. §§ 841(b)(1)-(2) are facially unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As she concedes, we rejected this precise argument in *United States v. Kelly,* 272 F.3d 622, 624 (3d Cir. 2001). We cannot disturb that holding here.

For the foregoing reasons, we will affirm the judgment of the District Court.